IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVETTE MADISON | : | CIVIL ACTION |
| v. | : | |
| THE CRIMINAL JUSTICE CENTER, et al. | : | NO. 13-6551 |

FILED
NOV 14 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

O'NEILL, J.                                NOVEMBER /4, 2013

Yvette Madison brings this pro se civil action against the Criminal Justice Center and Philadelphia Municipal Court Judges Marsha Neifeild and David Shuter. She seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. FACTS**

Plaintiff alleges that she was arrested and discriminated against by Judges Shuter and Neifield. She also claims to have been falsely imprisoned at Norristown State Hospital "with false charges pressed against [her]." (Compl. ¶ III.C.) It appears that plaintiff's claims are based on a criminal proceeding brought against her in the Philadelphia Municipal Court. See MC-51-CR-0053925-2009. The docket for that proceeding reflects that Judges Shuter and Neifield presided over plaintiff's criminal case at various times and, in the course of doing so, issued a bench warrant for her arrest, withdrew that warrant, and had her committed to Norristown State Hospital after concluding that she was not competent to proceed with trial. Plaintiff asserts that

1

Judge Neifield "kept finding [her] not competent because [plaintiff] was suing [the Judge]." (Compl. ¶ III.C.)

After her release from Norristown State Hospital, plaintiff initiated this action, claiming "obstruction of justice, harassment, retaliation, racism discrimination, false imprisonment, [violations of her] 8th and 14th [Amendment] rights, pain[] and suffering & emotional distress, conspiracy, and malicious prosecution." (Id.) She seeks $2 million in damages.

## II. STANDARD OF REVIEW

As plaintiff has satisfied the criteria set forth in 28 U.S.C. § 1915, she is granted leave to proceed in forma pauperis. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding pro se, the Court must construe her allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339

(3d Cir. 2011).

## III. DISCUSSION

The Court understands plaintiff to be raising constitutional claims pursuant to 42 U.S.C. § 1983, and related state law claims based on her arrest and related commitment to Norristown State Hospital. However, her claims must be dismissed because all of the defendants are entitled to immunity. The Criminal Justice Center, a court that is part of Pennsylvania's Unified Judicial System, is entitled to Eleventh Amendment immunity and, in any event, is not a "person" for purposes of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (holding that Pennsylvania courts are entitled to Eleventh Amendment immunity). Furthermore, as it is apparent that plaintiff is suing Judges Neifield and Shuter based on acts they took in their judicial capacity, the judges are entitled to absolute judicial immunity. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts."); see also Figueroa v. Blackburn, 208 F.3d 435, 441-42 (3d Cir. 2000) (holding that judges of courts of limited jurisdiction are entitled to judicial immunity); Langella v. Cercone, 34 A.3d 835, 838 (Pa. Super. Ct. 2011) ("[J]udges are absolutely immune from liability for damages

3

when performing judicial acts, even if their actions are in error or performed with malice . . . .") (quotations omitted and alteration in original).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because plaintiff cannot cure the deficiencies in her complaint. Accordingly, plaintiff will not be permitted to file an amended complaint.

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's complaint. An appropriate order follows.